IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01148-BNB

WILLIAM DAVID GROSS,

    Plaintiff,

v.

EL PASO COUNTY SHERIFF,
EL PASO COUNTY, COLORADO,
EL PASO COUNTY JAIL, and
EL PASO COUNTY DEPUTY,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, William David Gross, currently is detained at the Four Mile Correctional Center in Boulder, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint. Plaintiff asserts his constitutional rights have been violated. He seeks money damages.

    The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint and assert how all named parties personally participated in violating his constitutional rights.

    First, Plaintiff may not sue El Paso County Jail. The jail is not a separate entity from El Paso County and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th

Cir. 1993). Any claims asserted against the jail must be considered as asserted against El Paso County.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief against El Paso County under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Second, to establish personal participation, Plaintiff must show how each individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that they cause. See Dodds v. Richardson, et al., 614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring). Also, a private actor, such as Defendant Aramark, cannot be held liable under § 1983 on a respondeat superior theory. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (collecting circuit court cases).

Third, Plaintiff may identify an El Paso County Deputy as a named defendant if

he does not know the real name of the individual who allegedly violated his rights. Plaintiff, however, must provide sufficient information about the El Paso County Deputy so that he can be identified for purposes of service. Identifying information may include the deputy's badge number or date and time of the deputy's work shift, during which the action took place.

Finally, to state a claim in federal court, Plaintiff must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Plaintiff file within thirty days from the date of this Order an Amended Complaint that is in keeping with the above directives. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order, the Court will dismiss the action without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED May 8, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge